UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD DARRELL MILLER,<br><br>          Plaintiff,<br>     v.<br><br>MATTHEW CATE, et al.,<br><br>          Defendants.<br>_____/ | CASE NO.   1:11-cv-01111-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT<br><br>(ECF No. 19)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**FINDINGS AND RECOMMENDATION**

**I.   PROCEDURAL HISTORY**

Plaintiff Reginald Darrell Miller ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff originally filed this action in state court.  On July 1, 2011, Defendant Giurbino removed it to federal court.[1]  (ECF No. 2.) This action proceeds on Plaintiff's Complaint alleging violations of his Fifth and Fourteenth Amendment rights by Defendants, among other claims under federal and state law.  (ECF

---

[1] Defendants Cate, Doyle, Allenby, Ahlin, Owens, Sreenivasan, McManus, and Suzuki all joined in and consented to removal of the action to federal court.  (ECF Nos. 5, 9, 13, & 27.)

1

No. 2, pp. 7-65)

Pending before the Court now is Plaintiff's Motion to Remand Action to State Court filed July 18, 2011. (ECF No. 19.) Defendants Cate, Giurbino, and Doyle filed their Opposition to the motion on August 5, 2011 and Plaintiff filed his Reply August 18, 2011. (ECF Nos. 30 & 42.)

## II. **ARGUMENTS**

Plaintiff's Arguments

In his Motion, Plaintiff argues that the removal was untimely, that service of the notice of removal was defective, and that there is no federal question.

Plaintiff argues that this action does not include any federal question which was the basis for removal by Defendants. Plaintiff states that the action could not have originally been filed in federal court because of a "lack of standing and an inability to establish the legal threshold with regards to the RICO Act . . . ." (ECF No. 19, p. 3.) Plaintiff states the he did not raise any federal issues related to either RICO or Section 1983 in his Complaint.

Plaintiff argues that the other Defendants have not joined in or consented to the removal.

Plaintiff argues that Defendant Giurbino's notice of removal was untimely pursuant to the "first-served defendant" rule. Plaintiff states that the first served defendant was Defendant Ahlin who was served on June 1, 2011. Plaintiff argues that the thirty day time frame began that day and then ended on June 30, 2011, which made Defendant Giurbino's removal, filed July 1, 2011, untimely.

Plaintiff argues that the service by Defendants of documents was defective. Plaintiff states that the proof of service states that the notice of removal was served on July 1,

2

2011. However, he states, the documents were not postmarked until July 5, 2011

Defendants' Arguments

In their Opposition, Defendants argue that Plaintiff's allegations are misguided. Specifically, Defendants contend that there are issues of federal law in this action, and Defendants point out that all Defendants have consented to the removal. Defendants highlight sections of Plaintiff's Complaint where he makes claims under the Fifth and Fourteenth Amendments and other federal laws including RICO and a claim for conspiracy.

As to Plaintiff's argument that the removal was not unanimous, Defendants state that that is no longer the case. All Defendants have since joined and consented to the removal making the removal unanimous.

As to Plaintiff's timeliness argument, Defendants state that Plaintiff's calculation is wrong as is he assertion that the first-served Defendant begins the clock. Defendant states that Defendant Ahlin was first served on June 1, 2011, making the last day to remove July 1, 2011. Defendant Giurbino filed his Notice of Removal on July 1, 2011 which is within the thirty day time frame. Defendants also note that the trend in case law is for the last-served defendant to be able to remove, so long as consent is obtained from all served defendants, citing Bailey v. Janssen Pharmaceuticals, Inc., 536 F.3d 1202, 1205-06 (11th Cir. 2008) and Destfino v. Reiswig, ___ F.3d ___, ___ (2011 WL 182241, *3 (9th Cir. 2011)).

As to Plaintiff's argument that service of the removal was defective because Plaintiff's envelope was post marked July 5, 2011, Defendants state that the proof of service indicates that the envelope was placed in the law firm's mailing system on July 1, 2011. Defendants argue that proof of service requires that the envelope be sent to the

3

mailroom for processing, not that the item is stamped immediately.

Plaintiff's Reply

In his Reply, Plaintiff reiterates that he is not making any federal claims, but only claims under the state constitution. Plaintiff also argues that this Court lacks federal personal jurisdiction over this action. Plaintiff states that he is not a prisoner and, thus, it appears that he is alleging that he is not subject to Section 1983.

### III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), removal is appropriate for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . ." Removal statutes are strictly construed. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir. 1986)). Removal is proper where a plaintiff's complaint, on its face, asserts claims created by federal law or where a substantial federal issue of law exists. Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808-10 (1986).

As a general rule, all defendants in the state court action must join in the petition for removal. United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002). Although there are certain exceptions to this rule of unanimity, "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for

removal." Prize Frize v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (class action) (citations omitted); cf., Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193, n. 1 (noting that nominal, unknown, fraudulently joined, or improperly served defendants need not join in a petition for removal).

Furthermore, 28 U.S.C. § 1446(b) requires that the notice of removal be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

## IV.   ANALYSIS

Plaintiff argues that his Complaint does not contain any federal questions, that Defendant Giurbino did not file a timely notice of removal, and that service of the notice of removal was defective.

### A.   Federal Question

Plaintiff's Complaint alleges that Defendants violated his Fifth and Fourteenth Amendment rights throughout the Complaint. He repeatedly alleges civil rights violations, due process and equal protection violations, along with a Racketeer Influenced and Corrupt Organizations Act claim and a conspiracy claim, among others. Plaintiff refers to rights "bestowed upon [him] by the Constitution of both the State of California and the United States of America." (ECF No. 2, p. 30.) Clearly, Plaintiff's Complaint sets forth claims under both federal and state law. Because of the federal questions, the Court finds that removal was appropriate.

5

B.     **Timeliness of Removal**

The Court next examines whether the removal was proper.  Plaintiff argues that Defendant Giurbino failed to file the notice of removal within the thirty day time frame.  Plaintiff argues that Defendant Ahlin, the first served defendant was served on June 1, 2011.  Plaintiff then states that Defendants had until June 30, 2011 to file for removal.

In his Notice of Removal, filed, July 1, 2011, Defendant Giurbino stated that this action was commenced in California Superior Court on May 11, 2011. (ECF No. 2, p. 1.) He also stated that he was served with the summons and complaint on June 2, 2011.[2] (Id. pp. 1-2.)  Thus, he stated, the action was removed within the thirty day time frame.  (Id.)

28 U.S.C. § 1446 requires that all defendants join or consent to the notice of removal.  Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986).  Moreover, the defendant removing a state action to federal court must file the notice of removal within thirty days of receiving "a copy of the initial pleading setting forth the claim for relief upon which [the] action or proceeding is based . . . ." Id. § 1446(b).  The Ninth Circuit, along with four others circuits, has adopted the "later-served defendant rule."  See Destfino v. Reiswig, ___ F.3d ___, ___ (2011 WL 182241, *3 (9th Cir. 2011)).  Under this rule, each defendant has thirty days to remove a state action to federal court after it is brought into the case, if there is a basis for federal subject matter jurisdiction.  Id. at *2.  "A contrary rule could deprive some defendants of a right to a federal forum because they were served too late to exercise that right . . . ." Id.

Here, all Defendants have joined in and consented to the removal.  And, regardless

---

[2] Defendant Giurbino also stated that he believed that Defendants Cate and Doyle had not been served yet.  (ECF No. 2, p. 4.)  They have since joined in this action.  (ECF Nos. 5 & 9.)

6

of the first-served or last-served rule, Defendant Giurbino filed the notice of removal within the thirty day time frame. Plaintiff miscalculated the dates. Thus, this argument must fail.

### C. Defective Service

Plaintiff argues that Defendants proof of service for the notice of removal was defective because it states that it was served on July 1, 2011, but it was not postmarked until July 5, 2011.

Plaintiff appears to be arguing that the difference in dates somehow makes the filing improper. Plaintiff cites no authority for this proposition and the Court is aware of none that support it. Pursuant to the record of filings, the notice was filed on July 1, 2011. (ECF No. 2.) The postmark date is of no importance.

## V. OBJECTIONS TO JOINDER

All Defendants have joined in and consented to Defendant Giurbino's Notice of Removal. (ECF Nos. 2, 5, 9, 13, & 27.) Plaintiff filed Objections to each notice of joinder and consent to removal. (ECF Nos. 17, 20, 21, & 26.) In his Objections, Plaintiff makes the exact same arguments as in his Motion to Remand which are dealt with above.

## VI. CONCLUSION AND ORDER

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's Motion to Remand be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections

to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 29, 2011

UNITED STATES MAGISTRATE JUDGE