1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD D. MILLER, | CASE NO.    1:11-cv-01111-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING GRANTING DEFENDANTS SUZUKI AND MCMANUS'S MOTION TO DISMISS |
| v. | |
| MATTHEW CATE, et al., | (ECF No. 11) |
| Defendants. | |
| _____/ | OBJECTIONS DUE WITH THIRTY DAYS |

**FINDING AND RECOMMENDATIONS**

**I.    PROCEDURAL HISTORY**

Plaintiff Reginald D. Miller ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff originally filed this action in state court. Defendant Giurbino removed it to federal court on July 1, 2011.  (ECF No. 2.)

Pending before the Court is Defendants Suzuki and McManus's Motion to Dismiss filed July 11, 2011.  (ECF No. 11.)  Plaintiff filed his response on July 22, 2011, Defendants

replied on July 29, 2011, and Plaintiff filed a surrepy on August 11, 2011.[1]  (ECF Nos. 22, 24, & 33.)

## II.   LEGAL STANDARD

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ," Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007));  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50;  Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal at 1949 (citing Twombly at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

## III.   COMPLAINT ALLEGATIONS AS RELATED TO DEFENDANTS SUZUKI AND MCMANUS

In his Complaint, Plaintiff alleges that Defendants Suzuki and McManus committed legal malpractice and violated fiduciary duties to Plaintiff.

---

[1]  Plaintiff's surrepy, filed August 8, 2011, is stricken from the record and will not be consider. Local Rule 230(l).

Plaintiff alleges that Defendant McManus committed malpractice by repeatedly failing to raise issues concerning Plaintiff's constitutional rights of due process and equal protection during the Sexually Violent Predator Act process.[2]  Specifically, Plaintiff states that Defendant McManus failed to file an appeal challenging a court's decision not to hear Plaintiff's motion to dismiss for unlawful custody.  Plaintiff states that that court did not deny the motion but just declined to hear it, and then instructed McManus to appeal the decision. McManus did not appeal.

Plaintiff alleges that Defendant Suzuki was aware of the incompetence of McManus and did nothing to remove McManus from Plaintiff's case.  This failure then violated Suzuki's fiduciary duties to Plaintiff as McManus's supervisory.

## IV.  ARGUMENTS

Defendants Suzuki, Supervising Deputy Public Defender, and McManus, Deputy Public Defender, argue that Plaintiff cannot state a federal civil rights claim against public defenders because public defenders do not act under color of state law.  Defendants reference Polk County v. Dodson, 454 U.S. 312 (1981), which states that public defenders do not act under color of state law for purposes of Section 1983.  The Court in Polk County went on to state that public defenders must exercise independent and professional judgment and act with undivided loyalty to their clients, which places them in a dual role as both a state agent and an adversary of the state.  Id. at 318.  Thus, it is inappropriate to make them subject to suit for federal civil rights violations under Section 1983.  Id.

Defendants also argue that they are entitled to dismissal of Plaintiff's California Tort

[2]  A process which is still ongoing.

3

Claims Act ("CTCA") claims because Plaintiff failed to comply with the claim presentation requirements of that Act.  Defendants state that, according to Plaintiff, the injury occurred January 14, 2006 when Defendant McManus failed to appeal a court's decision not to hear a motion to dismiss and Defendant Suzuki committed malpractice by failing to appoint competent counsel to replace McManus.  Defendant then argues that Plaintiff had, at most, one year to comply with the Act, which he failed to do.  Plaintiff filed his claim with the CTCA more than five years later on January 20, 2011.  (ECF No. 2, pp. 61 & 63.)

Defendants also argue that Plaintiff's legal malpractice claims should be dismissed, or in the alternative, remanded to state court for determination.

In response, Plaintiff argues that because he does not believe the removal to federal court was proper, all filings made by all Defendants are not timely.[3]  Plaintiff states that "because there is an obvious difference in the threshold . . . between the [state and federal] judicial systems, any decision to retain this case in the Federal court must also permit him to amend his complaint . . . ."  (ECF No. 22, p. 3.)  Plaintiff makes statements about Defendants "serving two masters" to his detriment.  As to the CTCA claim, Plaintiff basically concedes Defendants' argument that the CTCA claim was not timely.  Plaintiff even quotes the rejection letter.  (ECF No. 22, p. 5.)  However, then Plaintiff argues that it was not addressed on the merits and that his claim should be allowed to move forward regardless of his failure to file it timely.

In their Reply, Defendants contend that Plaintiff did not refute that public defenders do not act under color of state law, that their filing was timely, and that Plaintiff failed to

_____

[3]  The Court previously found that removal was proper.  (ECF No. 47.)

refute his failure to comply with CTCA.

**V.    ANALYSIS**

   **A.    Section 1983**

Plaintiff seeks to sue his public defender and the supervising public defender who are representing him during his criminal and related civil commitment proceedings for legal malpractice and criminal negligence.  (ECF No. 2, pp. 24-25, 29, 35-38.)  A person "acts under color of state law [for purposes of Section 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  Polk County, 454 U.S. at 317–18 (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).  Attorneys appointed to represent a criminal defendant during trial, do not generally act under color of state law because representing a client "is essentially a private function . . . for which state office and authority are not needed."  Polk County, 454 U.S. at 319; United States v. De Gross, 960 F.2d 1433, 1442 n. 12 (9th Cir. 1992).  Thus, when publicly appointed counsel are performing as advocates, i.e., meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for Section 1983 purposes.  See Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk County, 454 U.S. at 320–25; Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under Section 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Plaintiff does not allege that Defendants are not performing as advocates.  As such,

neither Defendant McManus, who represent Plaintiff nor Defendant Suzuki who supervise are "state actors" for Section 1983 purposes. Plaintiff did not dispute this fact. Because Defendants McManus and Suzuki are not state actors, Plaintiff can not state a Section 1983 against them. Accordingly, Plaintiff's claims against Defendants McManus and Suzuki should be dismissed for failure to state a claim upon which Section 1983 relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii) & 1915A(b); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000); Resnick, 213 F.3d at 446. Furthermore, Plaintiff should not be granted leave to amend as the claims against Defendants McManus and Suzuki can not be cured by the addition of facts. Lopez, 203 F.3d at 1130–31 (citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).

## B.      Federal Court vs. State Court

As to Plaintiff's claim that the filing is not timely because this action belongs in state court. The Court notes that it previously denied Plaintiff's motion to remand this action finding that removal was appropriate and proper. (ECF No. 47.) Therefore, any of Plaintiff's arguments based on the fact that this action does not belong in federal court are improper.

## C.      Two Masters

As to Plaintiff's contention that Defendants "serve two masters," Plaintiff fails to cite any authority and the Court is aware of none, which validate this claim. Thus, this argument is dismissed.

//

///

1

**D.    CTCA Claim**

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he timely filed a notice of tort claim. Cal. Gov't Code §§ 905, 911.2, 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  Thus, to raise a state claim, Plaintiff must allege facts demonstrating compliance with the presentation requirement of the California Tort Claims Act. State of California v. Superior Court, 32 Cal.4th 1234, 1243–44 (2004); Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 865 (Cal.App. 1983).  When a plaintiff fails to allege compliance, it is fatal to the cause of action and results in the dismissal of the state law claim.  Id.; Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969).

As stated above, Plaintiff conceded that he did not file a timely claim with the CTCA, which was the reason for its dismissal without consideration.  Thus, this claim is dismissed.

**E.    Malpractice**

Further, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Therefore, any and all legal malpractice claims should be remanded for determination in the state court.

**F.    Leave to Amend**

Plaintiff states that he should be given leave to amend his complaint because it is now in federal court.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect."

7

1
2
3
4
5

Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  This is not the case here.  Additional facts would not cure the deficiencies in his allegations against Defendants McManus and Suzuki.  Thus, the Court finds that it does not have to give Plaintiff leave to amend his complaint in this action.  28 U.S.C. § 1915(e)(2)(B)(ii).

6

## VII.   CONCLUSION AND RECOMMENDATION

7
8
9
10
11

The Court finds that Defendants Suzuki and McManus are entitled to dismissal of the federal claims and CTCA claim against them.  The Court further finds that any and all state law claims, including legal malpractice, shall be remanded to state court for further proceedings.

12

Accordingly, the Court HEREBY RECOMMENDS that:

13
14

1.      Defendants Suzuki and McManus's Motion to Dismiss the federal and CTCA claims against them be GRANTED;

15

2.      Defendants Suzuki and McManus be DISMISSED from this action;

16
17

3.      The Court should DECLINE to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants Suzuki and McManus; and

18
19
20
21

4.      Plaintiff's state law claims be DISMISSED **WITHOUT** PREJUDICE and the claims be REMANDED to Fresno County Superior Court for further proceedings.

22
23
24
25
26

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned

27

"Objections to Magistrate Judge's Findings and Recommendations."   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    September 16, 2011

UNITED STATES MAGISTRATE JUDGE