# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD DARRELL MILLER,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>Defendants. | CASE NO. 1:11-cv-01111-LJO-GBC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION RECOMMENDING DENYING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT<br><br>(ECF No. 47) |

**<u>ORDER</u>**

Plaintiff Reginald Darrell Miller ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 29, 2011, the Magistrate Judge filed a Findings and Recommendation recommending that Plaintiff's Motion to Remand Action to State Court be denied. (ECF No. 47.) On September 16, 2011, Plaintiff filed his Objections to the Findings and Recommendation. (ECF No. 49.)

In his Objection, Plaintiff repeats the arguments made in the original motion. He

1

states that he never referred to Section 1983, that Defendants' filings were untimely, that phrases or words should not, in and of themselves, make an action into a federal civil rights suit, among other things.

As the Magistrate Judge explained in the Findings and Recommendation, Plaintiff's Complaint alleges that Defendants violated the Fifth and Fourteenth Amendments and several federal statutes. Plaintiff states that these claims can be dealt with in the state court and are also contained in the state constitution, which is true. However, the claims can also be dealt with in federal court because they are federal questions, which makes removal proper.

Plaintiff requests that this Court issue a certificate of appealability and grant him the opportunity to amend his complaint. It appears that Plaintiff may be requesting permission to file an interlocutory appeal. See 28 U.S.C. § 1292(b). To warrant an interlocutory appeal, Plaintiff must demonstrate that (1) there is a controlling question of law, (2) that there are substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). Plaintiff has not demonstrated any of the requirements and the Court fails to find that the order at issue in this action involves a controlling question of law to which there is a substantial ground for a difference of opinion. Therefore, the request to file an interlocutory appeal is DENIED.

As to Plaintiff's request to amend, the Court notes that it is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court has not yet screened Plaintiff's Complaint. Once the Court has screened the complaint, he *may* be

given the chance to amend.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).  Thus, at this time, Plaintiff's request to amend his complaint is DENIED.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 305, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendation to be supported by the record and by proper analysis.  Thus, the Motion to Remand the Action to State Court is DENIED.

Accordingly,  IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed August 29, 2011, is adopted in full;

2. Plaintiff's request for permission to file an interlocutory appeal is DENIED; and

3. Plaintiff's request to amend his complaint is DENIED.IT IS SO ORDERED.

**Dated:   September 20, 2011**              **/s/ Lawrence J. O'Neill**
                                             UNITED STATES DISTRICT JUDGE