1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| REGINALD D. MILLER, | CASE NO.    1:11-cv-01111-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING GRANTING DEFENDANTS ALLENBY, AHLIN, OWENS, AND SREENIVASAN'S MOTION TO DISMISS |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | (ECF No. 15) |
| _____/ | OBJECTIONS DUE WITHIN THIRTY DAYS |

11
12
13
14
15
16
17
18

**FINDING AND RECOMMENDATIONS**

19

**I.     PROCEDURAL HISTORY**

20
21
22
23

Plaintiff Reginald D. Miller ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff originally filed this action in state court. Defendant Giurbino removed it to federal court on July 1, 2011.  (ECF No. 2.)

24
25

Pending before the Court is Defendants', Allenby[1], Ahlin, Owens, and Sreenivasan, Motion to Dismiss filed July 15, 2011.  (ECF No. 15.)  Plaintiff filed his response on July

26
27

---

[1] Defendant Allenby is the successor to Defendant Mayberg, who was named in the Complaint.

1

29, 2011, Defendants replied on August 5, 2011, and Plaintiff filed a surrepy on August 18, 2011.[2]  (ECF Nos. 25, 31, & 43.)

## II.    LEGAL STANDARD

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ," Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007));  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal at 1949 (citing Twombly at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

## III.   COMPLAINT ALLEGATIONS AS RELATED TO DEFENDANTS ALLENBY, AHLIN, OWENS, AND SREENIVASAN

In his Complaint, Plaintiff alleges that Defendants violated his rights to Equal Protection and Due Process in relation to his screening under the Sexually Violent Predator

---

[2]  Plaintiff's surreply, filed August 18, 2011, is stricken from the record and will not be consider.  Local Rule 230(l).

Act ("SVPA").  Plaintiff also makes several statements that all Defendants were conspiring

to violate his rights.

Plaintiff alleges that Defendant Allenby, executive director of the California

Department of Mental Health ("DMH"), failed to develop, implement, and annually update

a "structured screening instrument" to be used by staff members of the California

Department of Corrections and Rehabilitation ("CDCR") during the SVPA screening

process.  (ECF No. 2, p. 16.)  Plaintiff further alleges that Defendant Allenby failed to

develop, adopt, and implement a "standardized assessment protocol and evaluator's

handbook" to be used by evaluators during the SVPA screening process.  (Id.)  Plaintiff

states that a handbook was eventually created, however, it was not promulgated in

accordance with the Administrative Procedures Act.  (Id.)

Plaintiff states that Defendants Owens and Sreenivasan, who are both

psychologists, performed Plaintiff's initial SVPA screening.  (ECF No. 2, p. 17.)  Plaintiff

alleges that Defendants used the improperly promulgated handbook during the screening,

which violated his right to equal protection and due process.  (Id.)  Plaintiff further alleges

that Defendants knew or should have known that the handbook was improperly created,

had not been peer-reviewed, and did not have the support of the discipline.  (Id.)  Plaintiff

also alleges that Defendants Owens and Sreenivasan lack medical degrees and are not

legally authorized to make psychiatric diagnoses or recommend treatment.  (Id. at 17-18.)

Plaintiff claims that Defendants merely perform "paper screenings" for significant monetary

gain.[3]  (Id. at 18.)

---

[3]  Later in his Amended Complaint, Plaintiff states that employees at CDCR performed the "paper
screening" and then he was evaluated by Defendants Owens and Sreenivasan.  (ECF No. 2, p. 28.)

3

1
2
3
4
5

Plaintiff alleges that Defendant Ahlin, executive director of Coalinga State Hospital,

failed to ensure that Coalinga State Hospital was in compliance with federal and state laws.

(ECF No. 2, p. 20.)  Plaintiff claims that Defendant Ahlin was aware of the deficiencies

within the DMH and the SVPA screening process, but failed to take any action.  (Id.)

6

## IV.  ARGUMENTS

7
8
9
10
11
12
13
14
15
16

Defendants argue that their Motion to Dismiss should be sustained on two grounds.

First, Plaintiff's entire amended complaint is not ripe for immediate judicial review because

his civil commitment determination is still pending in the Los Angeles County Superior

Court.  Second, Plaintiff fails to state a cognizable claim because he challenges the

Superior Court's probable cause determinations, which is barred by Heck v. Humphry, 512

U.S. 477 (1994).[4]  As to the first argument, Defendants contend that any judicial resolution

in this matter would be speculative and advisory because the complete facts surrounding

Plaintiff's various claims have not congealed sufficiently to provide a definite and actual

framework fit for immediate judicial resolution.

17
18
19
20
21
22
23
24

In response, Plaintiff argues that because he does not believe the removal to federal

court was proper, all filings made by all Defendants are untimely.[5]  Plaintiff states that

"because there is an obvious difference in the threshold . . . between the [state and federal]

judicial systems, any decision to retain this case in the Federal court must also permit him

to amend his complaint . . . ."  (ECF No. 25, p. 3.)  Plaintiff contends that his civil suit has

nothing to do with the pending SVPA process.  Plaintiff states that this action has to do with

25
26

[4]  Because the Court finds that this action is not ripe for adjudication, and, in the alternative, the
Younger Doctrine applies, the Heck argument will not be addressed.

27

[5]  The Court previously found that removal was proper.  (ECF Nos. 47 & 50.)

4

violations that occurred prior to the process by the California Department of Corrections. Plaintiff contends that he did not receive notice of his rights under the SVPA, which is a violation of his right to due process and which the trial court in the pending commitment determination cannot remedy.  In addressing Defendants' argument relying on <u>Heck</u>, Plaintiff states that "one issue has nothing to do with the other."  (ECF No. 25, p. 5.) Plaintiff then reiterates his position that this action should be remanded to state court.

In their Reply, Defendants contend, in opposition to Plaintiff's statement that the SVPA process and this action have nothing to do with each other, that Plaintiff's statement is inherently wrong.  Defendants state that the SVPA hearing process is part of his due process.  Defendants urge that the two proceedings are not independent of one another. Defendants state that any issues Plaintiff has with the SVPA determination process can be raised during that process, which is not yet complete.

## V.   ANALYSIS

### A.   Ripeness

Defendants argue that Plaintiff's claims are not ripe for adjudication because the SVPA proceeding is still pending.  Defendants claim that any issues that Plaintiff has with the process should be brought up during the process.

The ripeness doctrine prevents premature adjudication. <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1122 (9th Cir. 2009); <u>Thomas v. Anchorage Equal Rights Comm'n</u>, 220 F.3d 1134, 1138 (9th Cir. 2000).  It is aimed at cases that do not yet have a concrete impact upon the parties arising from a dispute, in an analysis similar to the injury in fact inquiry under the standing doctrine. <u>Thomas v. Union Carbide Agr. Products Co.</u>, 473 U.S.

568, 580 (1985); Exxon Corp. V. Heinze, 32 F.3d 1399, 1404 (9th Cir. 1994).  "[A]n unripe claim is not justiciable."  Association of American Med. Colleges v. United States, 217 F.3d 770, 784, fn. 9 (9th Cir. 2000).   The ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."  Lee v. State of Oregon, 107 F.3d 1382, 1387 (9th Cir. 1997).   Prudential ripeness involves two overarching considerations:   (1) fitness of the issue for judicial review, whether the relevant issues are sufficiently focused to permit judicial resolution without further factual development, see Clinton v. Acequia, Inc., 94 F.3d 568, 572 (9th Cir. 1996), and (2) hardship to the parties of withholding review, whether the parties would suffer any hardship by postponing judicial review.  See Alaska Right to Life Political Action Committee v. Feldman, 504 F.3d 840, 851 (9th Cir. 2007).  A case is not ripe where the outcome "hangs on future contingencies that may or may not occur."  Clinton, 94 F.3d at 572.  When considering whether an action such as this is fit for judicial review, "[t]he core question is whether the agency has completed its decision-making process, and whether the result of the process is one that will directly affect the parties."   Franklin v. Massachusetts, 505 U.S. 788, 797 (1992).

As stated above, Defendants contend that this matter is not ripe because the SVPA process is not complete.  Specifically, Defendants state that Plaintiff has not had a trial to commit him.  Under California law, "[o]nce the petition [for civil commitment as an SVP] has been filed, it is reviewed by a superior court judge to determine whether it 'states or contains sufficient facts that, if true, would constitute probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release.'"  Cooley v. Superior Court (Marentez), 29 Cal.4th 228,

244-45, 127 Cal.Rptr.2d 177, 189, 57 P.3d 654 (2002) (quoting W.I.C. § 6601.5).  "If the judge determines that the petition, on its face, supports a finding of probable cause, the judge shall order that the person be detained in a secure facility" until a probable cause hearing can be completed.  W.I.C. § 6601.5; Cooley, 29 Cal.4th at 245, 127 Cal.Rptr.2d at 189, 57 P.3d 654.   During the probable cause hearing, the Superior Court must "determine whether there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release."  W.I.C. § 6602(a); People v. Hurtado, 28 Cal.4th 1179, 1183, 124 Cal.Rptr.2d 186, 189, 52 P.3d 116 (2002), cert. denied, 538 U.S. 963 (2003).  If the Superior Court "determines that there is probable cause, the [court] shall order that the person remain in custody in a secure facility until a trial is completed and shall order that a trial be conducted to determine whether the person is, by reason of a diagnosed mental disorder, a danger to the health and safety of others in that the person is likely to engage in acts of sexual violence upon his or her release from the jurisdiction of the Department of Corrections or other secure facility."  Id.

It appears to the Court that this action is not yet ripe for review.   The civil commitment that Plaintiff challenges is still pending in the Superior Court.  Plaintiff has not yet been civilly committed.  There has not been any concrete impact on Plaintiff, further factual development is not only necessary but will happen, and the hardship suffered by Plaintiff is minimal considering he is already being detained. As discussed below, all allegations that Plaintiff has made against these Defendants can, and should, be dealt with during the SVPA process.

Plaintiff argues that the civil commitment and this action have nothing to do with one

7

another.  Plaintiff states that he is challenging the CDCR officials' failure to give him notice.

While Plaintiff does make this argument in his Amended Complaint, it does not appear to

be against these Defendants.  His Amended Complaint alleges that Defendants Ahlin and

Allenby initially failed to create guidelines and then, once guidelines were created, failed

to promulgate them correctly, that Defendants Owens and Sreenivasan lacked the

expertise to evaluate him and then evaluated him improperly, and that all Defendants were

involved in a conspiracy.  Plaintiff does not state that any of these Defendants were

responsible for giving him notice of the SVPA process, instead he attributes that

responsibility to CDCR officials.  Thus, this argument does not appear to be related to

these Defendants or Plaintiff's allegations against them.  Plaintiff's allegations against the

Defendants here are all regarding the process and its alleged failings.  Plaintiff is still going

through the process.  Thus, the Court finds that Plaintiff's claims against Defendants

Allenby, Ahlin, Owens, and Sreenivasan are not ripe for adjudication at this time and

should be dismissed.

### B.   Younger Doctrine

In the alternative, the Court finds that the Younger Doctrine applies and that it

should not interfere in the state proceeding.

Except under narrow circumstances not here present, federal courts abstain from

interfering with pending state criminal proceedings.  See Younger v. Harris, 401 U.S. 37

(1971) ("Younger"); see also 28 U.S.C. § 2283.  "Our circuit has stated that Younger

abstention is appropriate if: '(1) there are ongoing state judicial proceedings, (2) the

proceedings implicate important state interests, and (3) there is an adequate opportunity

in the state proceedings to resolve federal questions.'"  Dubinka v. Judges of the Superior

Ct., 23 F.3d 218, 223 (9th Cir.1994) (quoting Gartrell Constr., Inc. v. Aubry, 940 F.2d 437, 441 (9th Cir. 1991)).

The present case satisfies all three criteria for Younger abstention.  First, it is undisputed that Plaintiff's SVP proceedings are ongoing.  Second, SVP proceedings manifestly implicate important state interests.  See Hubbart v. Superior Court, 19 Cal.4th 1138, 1153 n. 20, 81 Cal.Rptr.2d 492, 501, 969 P.2d 584 (1999) (SVP proceedings serve "compelling" state interests in the protection of the public and the treatment of mental illness); see also Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) ("[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature . . ."). Younger abstention "applies to civil proceedings . . . in which important state interests are involved." Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001) (citations omitted).  In particular, Younger abstention applies to SVP proceedings.  See, e.g., Rhoden v. Mayberg, 361 Fed. App'x 895, 896 (9th Cir. 2010); Delray v. Baca, 2010 WL 3789516, *1-3 (C.D.Cal.   Aug. 17, 2010), Report and Recommendation adopted, 2010 WL 3783336 (C.D.Cal. Sept. 27, 2010); Clemons v. Kramer, 2008 WL 3833416, *3-5 (C.D.Cal. Aug. 15, 2008); Woodard v. Plummer, 2002 WL 1457871, *1 (N.D.Cal. July 2, 2002).

Under the third Younger criterion, the "pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims. . . ." Middlesex County Ethics Committee, 457 U.S. at 432 (citations and internal quotations omitted).  "Where vital state interests are involved, a federal court should abstain unless the state law clearly bars the interposition of the constitutional claims." Id. (citation and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

quotations omitted).  Plaintiff has not put forth any argument as to why his equal protection, due process, and conspiracy claims cannot be brought during his commitment proceeding. In fact, it appears that state court is where he would prefer to have these claims heard.

It appears to the Court that this action and Plaintiff's civil commitment are inextricably tied together.  Plaintiff appears to be challenging the process, which he is still going through, its alleged failings, and the qualifications of certain individuals.  There is nothing that prohibits Plaintiff from raising his due process, equal protection, and conspiracy claims during the state proceedings.  Plaintiff can, and should, challenge the process while he's going through it in the Superior Court.  If, after the process is complete, Plaintiff still feels that the process was improper, he can then file an action challenging it.

C.    **Leave to Amend**

Plaintiff states that he should be given leave to amend his complaint because it is now in federal court.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (internal citations omitted).

This is not the case here.  Additional facts would not cure the deficiencies in Plaintiff's allegations against Defendants Ahlin, Allenby, Owens, and Sreenivasan.  Thus, the Court finds that it does not have to give Plaintiff leave to amend his complaint.  28 U.S.C. § 1915(e)(2)(B)(ii).

//

///

//

10

## VI.    CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's complaint as related to these Defendants is not ripe for adjudication as his SVPA proceeding is still ongoing.  Thus, the Court is without jurisdiction to adjudicate this matter.  In the alternative, the Court finds that the <u>Younger</u> Doctrine applies and, thus, the Court should refrain from interfering with the Superior Court's pending action.

Accordingly, the Court HEREBY RECOMMENDS that:

1.    Defendants' Motion to Dismiss the claims against them be GRANTED;

2.    Defendants Allenby, Ahlin, Owens, and Sreenivasan be DISMISSED from this action; and

3.    Plaintiff's claims be DISMISSED **WITHOUT** PREJUDICE.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: ___September 23, 2011___

UNITED STATES MAGISTRATE JUDGE