
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| REGINALD D. MILLER, | CASE NO. 1:11-cv-01111-LJO-GBC (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING, IN PART, DEFENDANTS CATE, DOYLE, AND GIURBINO'S MOTION TO DISMISS AND DISMISSING ACTION IN ITS ENTIRETY |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | (ECF No. 32) |
| / | OBJECTIONS DUE WITHIN TWENTY DAYS |

**FINDING AND RECOMMENDATIONS**

**I.     PROCEDURAL HISTORY**

Plaintiff Reginald D. Miller ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff originally filed this action in state court. Defendant Giurbino removed it to federal court on July 1, 2011. (ECF No. 2.)

Pending before the Court is Defendants Cate, Doyle, and Giurbino's Motion to Dismiss filed August 10, 2011. (ECF No. 32.) Plaintiff filed his response on August 18, 2011, and Defendants replied on August 25, 2011. (ECF Nos. 41 & 46.)

1

## II. LEGAL STANDARD

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal at 1949 (citing Twombly at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

## III. ARGUMENTS

Defendants argue for dismissal of this action based on the following arguments: (1) Defendants are immune from suit for damages in their official capacities; (2) Plaintiff is not entitled to injunctive relief; (3) Plaintiff's claims are not ripe for adjudication and are barred by Heck v. Humphrey, 512 U.S. 477 (1994); (4) Defendants are entitled to qualified immunity; (5) Plaintiff failed to state a constitutional claim for a right to an administrative appeal process; (6) Plaintiff does not have standing for other persons; (7) the Court should abstain from ruling, and dismiss the action, pursuant to the Colorado Doctrine; and (8)

Plaintiff failed to state a constitutional claim for violation of regulations or statutes.

In response, Plaintiff argues that he does not believe the removal to federal court was proper and that all subsequent filings made by all Defendants are untimely. Plaintiff reiterates the arguments made in his Complaint. Plaintiff states that Defendants are not entitled to qualified immunity, that he is entitled to injunctive relief, that he has a right to appeal decisions made by the CDCR and a right to an administrative appeal process, that this is not a class action lawsuit, that the Colorado Doctrine should not be applied, and that his action is ripe for review.

In their Reply, Defendants basically reiterate their initially arguments.

## IV.   ANALYSIS

The Court will address each of Defendants' arguments below.[1]

### A.   Ripeness, Heck Bar, and Colorado Doctrine

Unlike in Plaintiff's allegations against Defendants Allenby, Ahlin, Owens, and Sreenivasan, the due process violation here has already occurred and cannot continue to occur as Plaintiff is no longer in Defendants' custody or control. Plaintiff alleges that he was not notified of the SVPA process and attributes responsibility for this failure to Defendants Cate, Giurbino, and Doyle. Receiving this notice was a one time occurrence which also means that it was a one time violation. Thus, the Court finds that this claim against these Defendants is ripe. See Franklin v. Massachusetts, 505 U.S. 788, 797 (1992) ("[t]he core question is whether the agency has completed its decision making process, and whether the result of the process is one that will directly affect the parties.").

---

[1] The Court will not address Defendants's argument related to class action litigation as Plaintiff stated that this is not a class action.

3

Defendant claims that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a state prisoner could not bring a suit for damages under Section 1983 that would render his conviction or sentence invalid, and such claims are not cognizable, stating:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87; see also Hubbs v. Alamao, 360 F.Supp.2d 1073, 1080 (C.D.Cal. 2005) ("[A] civil committee . . . cannot seek to overturn his civil commitment proceedings in a civil rights action for damages and injunctive relief."). "In evaluating whether claims are barred by Heck, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (quoting Heck, 512 U.S. at 487 n. 6), cert. denied, 538 U.S. 960 (2003).

Here, as related to these Defendants, Plaintiff is not negating an element of the offense. Instead, he is arguing that he was not provided proper notice of the SVPA process. This claim does not negate any element of any offense. Thus, the Court finds that Heck does not apply.

Defendants urge the Court to abstain from making a decision, and dismiss the

4

action, based on the Colorado Doctrine. The Colorado Doctrine is used to assess whether a court with concurrent jurisdiction should abstain from ruling. The following factors are to be consider: inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forum. Colorado River Water Conservation District v. United States, 424 U.S. 800, 818 (1976). Two additional factors to be considered are whether state or federal law controls and whether the state proceedings can adequately protect the parties' rights. Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 25-26 (1983). Defendants argue that the state action (Plaintiff's civil commitment proceeding) was started first, federal law controls many causes of action in this action and state law controls in the state action, either forum can protect the parties' rights adequately, and dismissing this action would avoid piecemeal litigation.

Defendants cite Field v. City of San Jose, 2009 WL 330923 (N.D. Cal. 2009) in support of their argument. However, the difference between this case and Field is that in Field it was clear that the plaintiff's claims could and would be addressed by the underlying action.

Here, it is not apparent that the claims brought against Defendants Cate, Doyle, and Giurbino are being or could be adequately dealt with in the civil commitment proceeding. Thus, the Court finds that abstention is not appropriate under the circumstances as to the claims against these Defendants.[2]

---

[2] The same conclusion also makes abstention pursuant to Younger inappropriate. Under the third Younger criterion, the "pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims. . . ." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (citations and internal quotations omitted). "Where vital state interests are involved, a federal court should abstain unless the state law clearly bars the interposition of

5

B.    **Injunctive Relief**

The Court also finds that Plaintiff is not entitled to injunctive relief. Plaintiff states that he is being held illegal, and, it appears that he is requesting to be released. Plaintiff is currently in the custody of the California Department of Mental Health, not the California Department of Corrections and Rehabilitation ("CDCR"). These Defendants are employees of CDCR. Thus, the Court finds that it does not have jurisdiction to grant the requested injunctive relief as these Defendants cannot properly provide it.

C.    **Immunity**

Defendants argue that they cannot be sued in their official capacities, which is what they allege Plaintiff is attempting to do.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25; Suever v. Connell, Nos. 08-15884, 08-16161, 2009 WL 2606235, *12 (9th Cir. Aug. 26, 2009).

Defendants' contention is correct and they are entitled to immunity based on any action brought against them in their official capacity. However, Plaintiff also states that he

---

the constitutional claims." Id. (citation and quotations omitted). It is unclear whether the civil commitment proceeding would adequately address the allegations.

6

is bringing suit against Defendants in their individual capacities. (ECF No. 2, p. 14.) Accordingly, the Court finds that Defendants are not entitled to dismissal of the constitutional claims against them based on Eleventh Amendment immunity.

Defendants argue that they are entitled to qualified immunity because they reasonably believed that their actions were lawful.

Qualified immunity protects a government official from civil liability, unless his conduct violates a "clearly established" constitutional right of which a reasonable person would have known. Ortiz v. Jordan, ___ U.S. ___, 131 S.Ct. 884, 888, 178 L.Ed.2d 703 (2011); Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). A right is "clearly established" if it was sufficiently clear at the time the defendant acted that her conduct was unlawful such that a reasonable official would understand that what he was doing violated that right. Cousins v. Lockyer, 568 F.3d 1063, 1069 (9th Cir. 2009)

Based on the currently pleaded facts, the Court is unable to determine whether Defendants' reasonably believed that their conduct was lawful. Defendants have cited no authority or regulation that would lead to this conclusion. Thus, the Court finds that it is unable to determine whether Defendants are entitled to qualified immunity.

### D. Constitutional Claim for Administrative Appeal Process

Defendants contend that Plaintiff is not entitled to a prison administrative appeal process.

Defendant's actions in responding (or failing to respond) to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. Interests protected by the Due Process Clause may arise from two sources—the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27

(1976). There is no constitutional right to a prison administrative appeal or grievance system. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  However, California Code of Regulations, title 15 section 3084 et seq. grants state prisoners the right to a prison appeals process.  The regulations are purely procedural—they require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards.  Instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d).  A provision that merely sets procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).

Thus, the Court finds that Plaintiff's claim fails and should be dismissed.  Allowing Plaintiff a chance to amend this claim would be futile because he does not have a constitutional right to a prison administrative appeal process.

### E. Constitutional Claim for Violation of Regulation or Statute

Defendants argue that Plaintiff's claims that regulations and statutes were violated by Defendants which then violated Plaintiff's constitutional rights is improper.

An allegation that a defendant violated a prison policy is not sufficient to state a constitutional claim.  See Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (no Section 1983 liability for violation of prison policy)). "In order to set forth a claim under 42 U.S.C. § 1983, an inmate must show a violation of his constitutional rights, not merely a

violation of prison policy." Moore v. Schuetzle, 486 F.Supp.2d 969, 989 (D.N.D. 2007).

Accordingly, the Court finds that Plaintiff's allegations that Defendants violated Section 1983 by failing to comply with a prison regulation fails to state a claim upon which relief could be granted and should be dismissed without leave to amend.

## V.     SCREENING

The Court will now take this opportunity to screen the remainder of Plaintiff's Complaint.

### A.     Screening Authority

Where a detainee or prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims." 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In determining malice, the Court examines whether the claims are pled in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915).

//
///
//

B.   **Summary of Complaint Allegations as Related to Defendants Cate, Doyle, and Giurbino[3]**

In his Complaint, Plaintiff alleges that Defendants Cate, Doyle, and Giurbino, all employed by California Department of Corrections and Rehabilitation ("CDCR"), violated his right to due process. Specifically Plaintiff alleges that his rights were violated when Defendants failed to provide notice of the Sexually Violent Predator Act ("SVPA") proceeding and screening process to Plaintiff. (ECF No. 2, pp. 10, 30-32.)

Plaintiff alleges that he was entitled to reasonable written notification of any review under the SVPA by the CDCR. (Id. at 26.) Plaintiff states he should have received notice of a face-to-face interview and his rights to appeal their decision, action and/or findings. (Id. at 11, 27.)

Plaintiff alleges that Defendants Cate and Giurbino were required to establish internal policies and procedures within the CDCR to ensure that Plaintiff was afforded all procedural rights under the SVPA screening process. (Id. at 15.) Plaintiff states that these policies and procedures should have included the right to notice of the SVPA process, which would include notification of his right to appeal. (Id.) Plaintiff claims that Defendants Cate and Giurbino failed to make such guidelines. (Id.) As a result of the lack of

---

[3] Plaintiff also repeatedly states that Defendants were conspiring against him and that they violated the Racketeer Influenced Corrupt Organizations Act. However, he does not allege anything to substantiate the claims. Thus, the Court will not address them. Plaintiff also repeatedly states that his equal protection right has been violated. Again, he fails to allege anything to substantiate such a claim. Thus, the Court will not address it either. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

regulations, Plaintiff did not receive any notification regarding the SVPA proceeding and screening process, which violated Plaintiff's rights to due process and equal protection. (Id. at 16.)

Plaintiff alleges that Defendant Doyle "had the ultimate authority in the reviewing process at the CDCR level to ensure that Plaintiff's rights were not violated and that the laws of the State of California . . . were being adhered to." (Id. at 17.) Plaintiff states that Defendant Doyle was responsible for referring Plaintiff to the California Department of Mental Health for a full SVPA evaluation. (Id.) Plaintiff claims that Defendant Doyle referred Plaintiff knowing that his rights of due process and equal protection had been violated. (Id.)

### C.    Due Process Claim

Plaintiff repeatedly alleges that Defendants Cate, Doyle, and Giurbino failed to provide him notice of the SVPA proceedings against him.

"SVPA does not provide for notification prior to screening and evaluation. Nor is it clearly established that the Due Process Clause requires such notification. The screening and evaluation process does not appear to amount to the sort of dispositive hearing for which a prisoner needs advance notice to marshal the facts and prepare a defense. Cf. Wolff v. McDonnell, 418 U.S. 539, 564, 94 S .Ct. 2963, 41 L.Ed.2d 935 (1974) (prisoner facing disciplinary hearing must be given advance notice of disciplinary charges against him in order to enable him to marshal the facts and prepare a defense). That generally will come at the probable cause hearing and jury trial, if a petition for commitment is filed. Not

surprisingly, there is no Supreme Court precedent requiring that an individual must be given notification prior to being screened and evaluated under the circumstances of this case." Woodard v. Mayberg, 242 F.Supp.2d 695, 704-05 (N.D.Cal. 2003); see also Camrony v. Mayberg, 2010 WL 3958648, *17-18 (E.D.Cal. Oct. 8, 2010); Pritchett v. Hunter, 2008 WL 4183932, *13 (N.D.Cal. Sep.9, 2008) (concluding no due process violation occurred where civilly committed petitioner claimed he failed to receive notice and tape recordings of psychological interviews).

Plaintiff does not have a due process right to notice of the SVPA process. Therefore, the Court finds that this claim should be dismissed without leave to amend as the Court finds that amendment would be futile. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (leave to amend should be granted unless the court determines that the pleading could not possibly be cured by allegation of additional facts).

## V. **CONCLUSION AND RECOMMENDATIONS**

The Court finds that Defendants' Motion should be granted, in part, and the action dismissed in its entirety. As to Defendants' specific arguments, the Court is unable to determine whether Defendants are entitled to qualified immunity and Defendants are not entitled to immunity based on being sued in their official capacity. Plaintiff is not entitled to injunctive relief. Defendants are not entitled to dismissal based on ripeness, Heck v. Humphrey, or the Colorado Doctrine. Defendants are entitled to dismissal of Plaintiff's claim regarding the administrative appeal process and Defendants' violation of statutes or regulations.

The Court also finds that Plaintiff's remaining allegation of a due process violation does not state a claim upon which relief may be granted. Furthermore, the Court finds that Plaintiff is not entitled to be granted leave to amend because, as stated above, amendment would be futile. Plaintiff does not have a due process right to notice of the SVPA process.

As these are the only remaining claims and Defendants, the Court also finds that this action should be dismissed in its entirety for Plaintiff's failure to state any claims upon which Section 1983 relief may be granted.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' Motion to Dismiss, filed August 10, 2011, be GRANTED as follows:

    a. Defendants' motion to dismiss the claims against them based on immunity be DENIED;

    b. Defendants' motion to dismiss Plaintiff's request for injunctive relief be GRANTED;

    c. Defendants' motion to dismiss Plaintiff's action because it is not ripe, is barred by Heck, or the Court should abstain based on the Colorado Doctrine be DENIED;

    d. Defendants' motion to dismiss Plaintiff's claims based on a right to an administrative appeal process be GRANTED;

    e. Defendants' motion to dismiss Plaintiff's claims based on Defendants' alleged violations of statute or regulations be GRANTED.

2. Plaintiff's due process claim be DISMISSED without leave to amend;

3. The entire action be DISMISSED without leave to amend for failure to state any claims upon which relief may be granted;

4. All pending motions be DISMISSED as MOOT; and

5. Objections to the Findings and Recommendations due within twenty days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 14, 2011

UNITED STATES MAGISTRATE JUDGE